UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. NO. 04-11173 RWZ

| | |
|---|---|
| RALPH JOSEPH d/b/a NEW BEDFORD MARINE RESCUE, <br><br> Plaintiff <br><br> v. <br><br> J.P. YACHTS, LLC, <br><br> Defendant | ANSWER OF DEFENDANT J.P. YACHTS, LLC |

Now comes the defendant J.P. Yachts, LLC ("J.P. Yachts") and answers the plaintiff's Complaint as follows:

1. Paragraph 1 is a characterization of the claim and as such requires no answer from J.P. Yachts.

2. J.P. Yachts is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in paragraph 2 and therefore denies same.

3. Admitted.

4. Paragraph 4 is an allegation of jurisdiction and as such requires no answer from J.P. Yachts.

5. Paragraph 5 is an allegation of venue and as such requires no answer from J.P. Yachts.

6. J.P. Yachts is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 2 and therefore denies same.

7. J.P. Yachts admits that it called the plaintiff on or about September 2, 2003, but denies all remaining allegations contained in paragraph 7.

8. Denied.

9. J.P. Yacts admits that plaintiff's first vessel on the scene did succeed, eventually, after considerable difficulty, and with help from defendant, in getting a line secured to defendant's vessel. J.P. Yachts denies all remaining allegations in paragraph 9.

10. J.P. Yachts admits that the plaintiff's efforts with one vessel were completely unsuccessful; and in further answering states that this was due largely to the incompetence of the salvage crew. J.P. Yachts denies all remaining allegations in paragraph 10.

11. J.P. Yachts admits only that, at the conclusion of the entire operation, and after an initial contract for services by the hour had been agreed between the parties, and after a second vessel had been sent under the same contract terms, a representative of the plaintiff attempted unsuccessfully to change the agreement and to impose upon the defendant a pure salvage situation. J.P. Yachts denies all remaining allegations in paragraph 11.

12. J.P. Yachts admits only that it requested a second vessel due to the inefficiency and incompetence of the first one, and that plaintiff eventually responded by sending a second vessel. J.P. Yachts denies all remaining allegations in paragraph 12.

13. J.P. Yachts admits only that one of the salvage vessels, after being warned by LADY MAZIE, was capsized, and in further answering states that the operator of that vessel later admitted aboard LADY MAZIE, and in the presence of three witnesses, that the capsizing was his own fault. J.P. Yachts denies all remaining allegations in paragraph 13.

14. Denied.

15. Denied.

16. J.P. Yachts admits that plaintiff, largely through the negligence and incompetence of its own employee sustained damages, but in further answering states that that is now irrelevant

because the plaintiff's property loss claim has been resolved. J.P. Yachts denies all remaining allegations in paragraph 16.

17.   Denied.

18.   J.P. Yachts admits it has paid nothing and in further answering denies the plaintiff's entitlement to a liberal salvage award.

## DEFENSES

### FIRST DEFENSE

The plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

At the inception, the plaintiff agreed to contract salvage terms and it is therefore estopped from claiming recovery under a theory of pure salvage.

### THIRD DEFENSE

At the inception, the plaintiff agreed to contract salvage terms and it has therefore waived any entitlement to claims for recovery under a theory of pure salvage.

### FOURTH DEFENSE

Rather than showing any skill, the conduct of the plaintiff's employees in the first salvage vessel were so incompetent as to require the sending of a second vessel. When two vessels were finally on scene, the skill shown was of a low order.

### FIFTH DEFENSE

The peril to which the yacht LADY MAZIE was subjected was negligible to low as it was at all times in protected waters.

## SIXTH DEFENSE

The risk faced by the plaintiff was negligible, but for the plaintiff's own negligence and incompetence.

## SEVENTH DEFENSE

The time, effort, and resources expended by the plaintiff were minimal.

## EIGHTH DEFENSE

Even if the law of pure salvage is determined to govern, this was in all respects a low order salvage for which a minimal reward only is merited.

WHEREFORE, the defendant J.P. Yachts prays that this Honorable Court dismiss the plaintiff's Complaint with prejudice and an award of costs and attorney's fees as may be appropriate.

Respectfully submitted,

Defendant,

J.P. YACHTS

By its attorney,

William Hewig, III (BBO# 541910)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

223689/60314/0008

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on June 23, 2004.

4

**MURPHY & FLAHERTY**
COUNSELLORS AT LAW

43 BOWDOIN STREET, BOSTON MASSACHUSETTS 02114
(617) 227-7777   FAX (617) 227-2186

TIMOTHY R. FLAHERTY

FILED
IN CLERKS OFFICE

2004 JUN 24  A 11: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

June 22, 2004

Lisa Urso
Office of the Criminal Clerk
United States District Court
District of Massachusetts
United States Courthouse
One Courthouse Way
Boston, MA 02210

RE:   United States v. Christopher Given
      Criminal No. 2003-10035-RWZ

Dear Ms. Urso;

Please find enclosed copies of the defendant's Notice of Appeal, Request for Appointment of Counsel and my Motion to Withdraw. Thank you for your consideration.

Sincerely,

Timothy R. Flaherty