COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

C.A. NO. 04-11173 RWZ

RALPH JOSEPH d/b/a NEW BEDFORD MARINE RESCUE,

    Plaintiff

v.

J.P. YACHTS, LLC,

    Defendant

DEFENDANT J.P. YACHTS, LLC'S PRE-TRIAL MEMORANDUM

    Now comes the defendant, J.P. Yacht, LLC in the above-captioned action and hereby submits its Pre-trial Memorandum.

1.    <u>Summary of Defendant's Evidence</u>:

    The defendant says that when its vessel grounded the morning of September 2, 2003 off the harbor of Cuttyhunk Island, Jerry Prescott, the owner of the yacht LADY MAZIE, called New Bedford Marine Rescue and requested an assist boat. New Bedford quoted Mr. Prescott the price of $125/hour. Mr. Prescott stated that his vessel was aground and that he wanted an assist boat to hold the stern out into the waves and sea to prevent the vessel's stern from swinging closer to the shore or "broaching," and agreed to the $125/hour price. Upon request of the second assist boat, when the first seemed unable to provide the services needed, New Bedford Marine Rescue again confirmed that the boats were available at the rate of $125/hour.

    Neither Mr. Prescott, nor the vessel's mate, Michael Bain, were ever told by anyone from New Bedford Marine Rescue that a "salvage" situation existed, or that the services were being provided under the umbrella of a "salvage contract" at any time prior to LADY MAZIE's re-

floating. Accordingly, they maintain that a contract salvage situation existed throughout, and that the plaintiff is entitled only to the agreed-upon salvage contract price for services.

2.     Facts Established by Pleadings, Stipulations, Admissions:

(a)     J.P. Yachts, LLC is the corporate owner of the yacht LADY MAZIE. Jerry Prescott is the principal;

(b)     The yacht LADY MAZIE dragged her anchor and grounded near the harbor of Cuttyhunk Island early in the morning of September 2, 2003;

(c)     Jerry Prescott telephoned New Bedford Marine Rescue in the early morning hours of September 2, 2003 and spoke directly to Ralph Joseph. In that conversation he requested an assist boat, and was told that the assist boat was available at the rate of $125/hour. Mr. Prescott agreed to that price;

(d)     The assist boat was unable to provide the assistance desired. Accordingly, Mr. Prescott placed a second call to New Bedford Marine Rescue, and spoke again with Ralph Joseph and requested a second assist boat. That second assist boat was sent and arrived at the scene;

(e)     Working together, two assist boats placed lines upon the stern of LADY MAZIE. When the tide lifted LADY MAZIE off the bottom, the assist boats pulled LADY MAZIE clear of the area of her anchorage;

(f)     Following the re-floating of LADY MAZIE, one of the assist boats took in its tow line and the second assist boat remained secured to LADY MAZIE's stern. There then occurred an incident in which the second assist boat capsized. The causes of that, and the communications between the parties remain in dispute.

3. <u>Contested Issues of Fact</u>:

 (a) Whether either Jerry Prescott or Michael Bain, the owner and mate of LADY MAZIE respectively, were ever told by any plaintiff employee that a "salvage situation" existed, prior to LADY MAZIE's re-floating.

 (b) Whether Ralph Joseph was told that LADY MAZIE was aground in his first conversation with Jerry Prescott; and

 (c) Whether the operator to the assist boat remaining secure to LADY MAZIE was told that Jerry Prescott intended to put his engines into gear and come forward in a slow turn to port.

4. <u>Jurisdictional Issues</u>:

 None.

5. <u>Pending Motions</u>:

 None.

6. <u>Issues of Law</u>:

 (a) Whether the measure of damages should be determined by contract salvage or pure salvage;

 (b) Whether a contract, once entered into, can be voided by unilateral mistake; and

 (c) In the event that pure salvage is found, how to weigh the various <u>Blackwall</u> factors to arrive at the proper measure of damages.

7.   Requested Amendments to Pleadings:

   None.

8.   Additional Matters in Aid of Disposition:

   None.

9.   Probable Length of Trial:

   2 days.

10.   Defendant's Witnesses:

   (a)   Jerry Prescott
         115 18th Street
         Belleire Beach, FL
         (727) 580-8558

   (b)   Marilou Prescott
         115 18th Street
         Belleire Beach, FL
         (727) 580-8558

   (c)   Michael Bain
         c/o Yacht LADY MAZIE
         Pope's Island Marina
         Route 6
         New Bedford, MA

11.   Defendant's Exhibits:

   (a)   Chart – Exhibit 1 to Deposition of Michael Bain;

   (b)   5 Captain Voyager Chart printouts showing Cuttyhunk Harbor, Nashawena Island and Buzzards Bay;

   (c)   U.S. Coast Guard License issued to Jerry T. Prescott;

4

(d)     Resumé, Michael V. Bain;

(e)     Reference Letter for Michael Bain dated 4/12/88;

(f)     Reference Letter for M. Bain dated 1/4/93.

(g)     Diagram, Exhibit 1 to Deposition of Joseph Moniz;

(h)     Letter dated 9/11/03, Exhibit 1 to Deposition of Ralph Joseph;

(i)     3 Drawings, Exhibits 1, 2 and 3 to Deposition of Clinton E. Allen;

(j)     U.S. Coast Guard Boat Crew Seamanship Manual;

(k)     Tide Chart, Gay Head, Martha's Vineyard, Massachusetts, 9/1/03 – 9/2/03

(l)     2 Marine weather reports, 0416 a.m., September 3 and 0900 a.m. September 3, 2000;

(m)     BoatUS On-the-Water Towing Service Agreement;

(n)     TowBoat case worksheet;

(o)     TowBoat US 2003 Annual License/Service Agreement;

(p)     BoatUS Towing Services – "Towing vs. Salvage" from BoatUS.com;

(q)     TowBoat US "Don't Buy More Than You Really Need" from BoatUS.com;

(r)     Boat Owner's Association of the United States Standard Form Yacht Salvage Contract;

(s)     New Bedford Marine Rescue information 2003 company description;

(t)     National Climatic Data Center Local Climatological Data, Martha's Vineyard, Massachusetts, September 2003;

(u)     2 Annotated charts showing areas of grounding; and

      (v)    LADY MAZIE Certificate of Insurance.

                          Respectfully submitted,

                          Defendant,

                          J.P. YACHTS, LLC

                          By its attorney,

                          /s/ William Hewig, III
                          William Hewig, III (BBO# 541910)
                          Kopelman and Paige, P.C.
                          31 St. James Avenue
                          Boston, MA 02116
Date:  July 14, 2005             (617) 556-0007

256186/60314/0008